IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| DOUGLAS FREEMAN, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-462 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Douglas Freeman brings this civil action against Defendants Washington Metropolitan Area Transit Authority ("WMATA") and Tyrone Orlando Bell, alleging Defendant Bell negligently operated a bus owned by Defendant WMATA and struck Plaintiff. ECF No. 2. Pending before the Court is Defendant Bell's Motion to Dismiss. ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant Bell's Motion is granted.

**I.   BACKGROUND**[1]

Plaintiff Douglas Freeman is a Rockville, Maryland resident. ECF No. 2 ¶ 1. On or around December 22, 2017, he was crossing Rockville Pike as a pedestrian in a marked crosswalk at or near its intersection with Monroe Street in Rockville, Maryland. *Id.* ¶¶ 4–5; ECF No. 1 ¶ 4. Defendant Tyrone Orlando Bell, a Gaithersburg, Maryland resident and Defendant

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

WMATA employee, was operating a bus owned by Defendant WMATA when he made a left turn and struck Plaintiff. ECF No. 2 ¶¶ 2, 6, 9. Plaintiff sustained severe and permanent injuries. *Id.* ¶ 10.

Plaintiff brought an action in the Circuit Court for Montgomery County, Maryland, on December 14, 2020. ECF No. 1 at 1;[2] ECF No. 1-3. Plaintiff asserted negligence claims against both defendants: Count I against Defendant WMATA, asserting "Defendant WMATA is vicariously liable for the actions of its bus operators and/or liable under a doctrine of *respondeat superior*," ECF No. 2 ¶ 14; and Count II against Defendant Bell, asserting he "negligently operated the WMATA bus by executing a left turn and striking the plaintiff, by failing to pay full-time and attention, by failing to keep a proper lookout, and failing to use reasonable care in the operation of a WMATA vehicle," *id.* ¶ 18.

On February 23, 2021, Defendants removed the action to this Court pursuant to Md. Code Ann., Transp. § 10-204(80), which provides that federal district courts have original jurisdiction over actions against WMATA and that any such action initiated in a state court in Maryland, Virginia, or the District of Columbia may be removed. ECF No. 1 ¶ 7. WMATA filed its answer at the same time as the notice of removal. ECF No. 4. Additionally, that same day, Defendant Bell moved to dismiss Count II, arguing he is immune from suit. ECF No. 6. Plaintiff has not filed a response.

II.     **STANDARD OF REVIEW**

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject matter jurisdiction. ECF No. 6-1 at 1. A motion

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

pursuant to Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Pres. Ass'n v. Cty. Comm'rs of Carroll Cty., MD*, 523 F.3d 453, 459 (4th Cir. 2008). When considering a Rule 12(b)(1) motion, the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

Defendants also move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6); *see* ECF No. 6-1 at 1. A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*,

407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Indeed, the Court need not accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). The Court should not grant a motion to dismiss for failure to state a claim unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

### III. DISCUSSION

WMATA is a transit authority created by interstate compact among the District of Columbia, Maryland, and Virginia, which was approved by Congress. In Maryland, this compact ("WMATA Compact") is codified as Md. Code. Ann. Transp. §10-204. The Compact provides that WMATA is an interstate agency and instrumentality of the signatories to the Compact. *See Delon Hampton & Assocs., Ctd. v. WMATA*, 943 F.2d 355, 359 (4th Cir. 1991). As such, it enjoys the same rights and privileges as a state, including sovereign immunity. *Id.* (citing *Beatty v. WMATA*, 860 F.2d 1117, 1126 (D.C. Cir. 1988)). The WMATA's immunity is not limitless, however. Section 80 provides, in relevant part:

> The Authority shall be liable for its contracts and for its torts and those of its directors, officers, employees and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function. The exclusive remedy for such breach of contracts and torts for which the Authority shall be liable, as herein provided, shall be by suit against the Authority.

4

Md. Code Ann., Transp. § 10-204(80). "Operating a bus is such a proprietary function." *Bunn v. WMATA*, No. TCB–09–334, 2010 WL 1488510, at *1 (E.D. Va. April 12, 2010); *see also Bah v. WMATA*, No. CBD–14–2803, 2015 WL 898207, at *1 (D. Md. Feb. 27, 2015); *Marbury v. WMATA*, No. DKC–13–0832, 2013 WL 2285436, at *2 (D. Md. May 22, 2013).

Because operating a bus is a proprietary function for which the "exclusive remedy" is suit against WMATA, in cases where the plaintiff argues that he was injured by the negligent operation of a WMATA vehicle, courts lack jurisdiction over and must dismiss suits against the individual drivers. *See Bah*, 2015 WL 898207, at *1 (quoting *Marbury*, 2013 WL 2285436, at *2). Plaintiff has made such a claim here and has not opposed Defendant Bell's Motion to Dismiss. Accordingly, the motion will be granted.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion is granted. A separate Order follows.


Date: <u>June 3, 2021</u>                                           __/s/_____
                                                                                GEORGE J. HAZEL
                                                                                United States District Judge